**UNITED STATES of America**
v.
**William Edward RABB et al.**
**Appeal of Samuel J. MALONE.**
**No. 19486.**

United States Court of Appeals,
Third Circuit.

Argued Sept. 30, 1971.

Decided Oct. 19, 1971.

Maurice D. Strickland, Newark, N. J., for appellant.

William A. Carpenter, Jr., Asst. U. S. Atty., Newark, N. J., for appellee.

Before SEITZ, Chief Judge, HASTIE, Circuit Judge, and HERMAN, District Judge.

OPINION OF THE COURT

PER CURIAM:

This is an appeal from a conviction for violation of the Federal Bank Robbery Act, 18 U.S.C. § 2113(a) and (d).

Three males participated in the robbery in issue. Two actually entered the bank and confronted the personnel while the third man remained outside as a

1. *See* NLRB v. Amalgamated Clothing Workers of America, 5th Cir. 1970, 430 F.2d 966.

lookout. The Government contended at appellant's trial that he was the third participant. It offered in support of its position: (1) the in-court identification of an alleged eyewitness to the robbers' getaway; and (2) a written police report of appellant's purported in-custodial oral statement to federal agents while being held under state charges. Appellant's substantial contentions on appeal involve the admissibility of this evidence.

■ We find no merit in appellant's contention that the in-court identification should have been excluded on the basis of reasoning analogous to that undertaken in Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970) and Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). As the *Coleman* court itself concluded, we feel here that the in-court identification resulted from the witness' observations at the time of the robbery, independent of the prior line-up or photograph presentation. *See* 399 U.S. at 5–6, 90 S.Ct. 1999; United States v. Black, 412 F.2d 687, 689 (6th Cir.), cert. denied, 396 U.S. 1018, 90 S.Ct. 583, 24 L.Ed.2d 509 (1969). *See also* United States v. Barber, 442 F.2d 517, 526–527 (3d Cir.1971).

■ Concerning admissibility of the oral confession, it is evident that the court employed the procedures mandated by Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). Viewed in connection with this court's decision in United States v. Ruth, 394 F.2d 134, 137 (3d Cir.), cert. denied, 393 U.S. 888, 89 S.Ct. 206, 21 L.Ed.2d 166 (1968), we find no reversible error. *See also* Government of Virgin Islands v. Lovell, 378 F.2d 799, 804–805 (3d Cir. 1967) (statement to federal officers not inadmissible because given while detained under local charges).

The judgment of the district court will be affirmed.